*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0063**

Megan Marie Kochendorfer, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 2, 2015
Affirmed
Bjorkman, Judge**

Washington County District Court
File No. 82-CR-09-1016

Cathryn Middlebrook, Chief Appellate Public Defender, Katie Conners, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Peter Sean Johnson, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of her petition for postconviction relief, arguing that she should be allowed to withdraw her guilty plea to fifth-degree possession of a

controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL).  Because her petition was untimely, we affirm.

## FACTS

On February 7, 2009, appellant Megan Marie Kochendorfer called the Cottage Grove Police Department to report an incident at her mother's home.  Officers responded to the call and made contact with Kochendorfer.  During this conversation, Kochendorfer admitted to officers that she uses methamphetamine and that a methamphetamine pipe was in her vehicle.  Officers located two glass methamphetamine pipes, a cup filled with white powder, white powder in her purse, and a container filled with marijuana.  Kochendorfer was arrested and brought to the Washington County Jail where she acknowledged that she had a substance "crotched."  The substance was retrieved, and a "NIK" test was positive for the presence of methamphetamine.

Kochendorfer pleaded guilty to fifth-degree possession of a controlled substance on April 7.  Her plea petition, which she acknowledged at her plea hearing, indicated that she was giving up the right to challenge the state's evidence and that she was not making a claim that she was innocent.  On July 10, Kochendorfer received a stay of imposition and was placed on probation.  On December 3, 2010, the district court executed her prison sentence.

On July 18, 2014, Kochendorfer petitioned for postconviction relief, citing testing deficiencies at the SPPDCL that were identified at a *Frye-Mack* hearing in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012).  Kochendorfer argued that her petition was not time-barred and that she was entitled to postconviction relief

because of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The district court denied Kochendorfer's petition without an evidentiary hearing, stating that the petition was untimely and failed on its merits. Kochendorfer appeals.

## DECISION

An individual who asserts that her criminal conviction was obtained in violation of her constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). Although petitioners are generally entitled to an evidentiary hearing, a district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *See id.*, subd. 4(b) (2014).

We review denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). Legal issues are reviewed de novo, but review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Kochendorfer does not deny that her petition was outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply. We address each argument in turn.

## I.  The newly-discovered-evidence exception has not been satisfied.

A court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or her attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (citing Minn. Stat. § 590.01, subd. 4(b)(2)). All five elements must be established to obtain relief. *Id*.

Kochendorfer argues that the 2012 SPPDCL testing deficiencies constitute newly discovered evidence. We rejected this argument in *Roberts*, holding that the newly-discovered-evidence exception did not apply because Roberts did not show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id*. at 291-92. As in *Roberts*, Kochendorfer did not challenge the identity of the substance she possessed in a pretrial hearing. She never offered evidence regarding the chemical composition of the substance or claimed that the substance was not methamphetamine. She makes no specific allegations concerning the testing done in her case, and expressly gave up her right to challenge the state's evidence by pleading guilty. Like *Roberts*,

4

Kochendorfer also faced nonscientific evidence of guilt, including her admissions to the arresting officers that she uses methamphetamine and had a methamphetamine pipe in her vehicle. And a crystalline substance found on her "NIK" tested positive for the presence of methamphetamine.

Kochendorfer attempts to distinguish her facts from those in *Roberts* by pointing out that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with special qualifications to uncover the testing deficiencies. But Kochendorfer, like Roberts, has not shown that she ever made an attempt to investigate the test results or that anyone prevented her from doing so. Because Kochendorfer has failed to establish all of the elements of the newly-discovered-evidence exception, the district court did not abuse its discretion by concluding that the exception does not apply.

## II. The interests-of-justice exception does not apply.

"A court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings.[1] *Id.*

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

5

Kochendorfer asserts that her petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, a manifest injustice, and ineffective assistance of counsel. The first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)). Kochendorfer pleaded guilty to fifth-degree possession of a controlled substance. She was represented by counsel and signed a plea petition acknowledging that she had the opportunity to discuss her defenses with counsel, was giving up her right to challenge the state's evidence, and was not claiming that she was innocent. Because Kochendorfer entered a counseled guilty plea, she waived her evidentiary and procedural challenges. Thus, we need only address Kochendorfer's arguments that she is entitled to withdraw her guilty plea based on manifest injustice and ineffective assistance of counsel.

### A.    Manifest Injustice

A court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Kochendorfer argues that her guilty plea was not accurate, voluntary, or intelligent. We are not persuaded.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Kochendorfer pleaded guilty to fifth-degree

6

possession of a controlled substance.[2]  Her signed plea petition indicates that she was not making any claim that she was innocent, and she provided a factual basis and admitted that she knew the substance in her possession was methamphetamine.  We conclude that these facts, acknowledged by Kochendorfer in her plea hearing, meet the accuracy requirement.

Courts determine whether a plea is voluntary by considering all relevant circumstances, and ensuring that the defendant did not plead guilty due to improper pressure or coercion.  *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010).  At Kochendorfer's plea hearing, she acknowledged that no one was forcing her to plead guilty, and no one promised her anything outside the parameters of the plea agreement.  Kochendorfer argues that the test results from the SPPDCL improperly pressured her to plead guilty.  We are not persuaded.  She did not ask to review the SPPDCL records, did not challenge the report, and does not dispute that the substance was methamphetamine.  We discern no improper pressure or coercion in connection with Kochendorfer's guilty plea.

For a guilty plea to be intelligent, the defendant must understand the charges against her, the rights she is waiving, and the consequences of the plea.  *Id.* Kochendorfer argues that she did not know about the testing deficiencies at the SPPDCL, did not understand the scope of her right to challenge the evidence, and did not know that

---

[2] *See* Minn. Stat. §§ 152.02, subd. 3(3)(b) (establishing methamphetamine as a Schedule II controlled substance), .025, subd. 2(1) (stating a person is guilty of fifth-degree controlled-substance crime if she unlawfully possesses one or more mixtures containing a controlled substance) (2008).

she was waiving this right by pleading guilty. These arguments are unavailing. At the plea hearing, Kochendorfer acknowledged that she had been charged with and was pleading guilty to possession of a controlled substance. She stated that she understood the contents of her signed plea petition, which indicated that her attorney informed her of the rights she was waiving and that she would not have any other opportunity to object to the evidence the prosecutor had against her. On this record, we conclude that Kochendorfer understood the charges against her, the rights she was waiving, and the consequences of her guilty plea. Because the plea was accurate, voluntary, and intelligent, Kochendorfer is not entitled to postconviction relief based upon a manifest injustice.

### B. Ineffective Assistance of Counsel

To prevail on her ineffective-assistance-of-counsel claim, Kochendorfer must prove that her counsel's representation fell below an objective standard of reasonableness and that, but for the counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). A trial counsel's performance is presumed to be reasonable. *Id*. at 266.

Kochendorfer argues that she received ineffective assistance because her attorney did not demand or review the SPPDCL file. We disagree. First, as in *Roberts*, Kochendorfer does not allege that her attorney failed to discuss this option with her,

8

refused to request the SPPDCL records, or advised her not to challenge the test results. 856 N.W.2d at 293. Nor does she provide evidence that the customary defense practice in 2009 included requesting the underlying file from SPPDCL. Second, Kochendorfer has not demonstrated that the outcome of this proceeding would be different but for her attorney's claimed error. She has now asserted that the substance was not methamphetamine. But she admitted to law enforcement that she uses methamphetamine, and the substance in her possession "NIK" tested positive for methamphetamine. On this record, Kochendorfer has not satisfied either prong of the ineffective-assistance-of-counsel claim.[3]

**Affirmed.**

---

[3] Because the record conclusively shows that Kochendorfer is not entitled to postconviction relief, the district court did not abuse its discretion by denying her request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).