Vernon Neal POWERS, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A04–2298.

Supreme Court of Minnesota.

May 5, 2005.

"suggests that this distinction is not always determinative." *Buchman Plumbing Co.,* 298 Minn. at 335 n. 3, 215 N.W.2d at 484 n. 3.

Vernon Powers, Stillwater, MN, for Appellant.

Mike Hatch, Minnesota Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, MN, Patrick Flanagan, Mower County Attorney, Austin, MN, for Respondent.

# OPINION

ANDERSON, PAUL H., Justice.

A Mower County jury found appellant Vernon Neal Powers guilty of multiple counts of first- and second-degree murder for robbing and causing the death of Juan Ramirez and Raul Gutierrez, and first-degree assault for shooting Benjamin Hernandez. Powers was convicted and sentenced to two mandatory life sentences for the two first-degree premeditated murder convictions and a presumptive sentence of 86 months for the first-degree assault conviction, all three sentences to run consecutively. On direct appeal, we affirmed Powers' convictions. *State v. Powers*, 654 N.W.2d 667, 672 (Minn.2003). We subsequently affirmed the postconviction court's denial of Powers' first petition for postconviction relief. *Powers v. State*, 688 N.W.2d 559, 560 (Minn.2004). Powers then filed this second petition for postconviction relief. The postconviction court determined that all issues raised in this second petition could have been raised either in his direct appeal or in his first petition for postconviction relief and denied the petition without a hearing. We affirm.

A detailed description of the underlying facts of this case can be found at *State v. Powers*, 654 N.W.2d 667 (Minn.2003). On direct appeal, we affirmed Powers' convictions and denied relief for his claims stemming from: (1) the joinder of his trial with that of two codefendants and the district court's failure to grant midtrial severance; (2) the court's limitations on testimony in a *Schwartz* hearing; (3) alleged prosecutorial misconduct; (4) alleged ineffective assistance of trial counsel; (5) the right to an impartial jury and an adequate voir dire; and (6) Powers' absence at three hearings.

*Id.* at 672. In Powers' appeal to us on his first petition for postconviction relief, he essentially raised two issues. First, he argued that he was prejudiced by the district court's refusal to sever his trial from that of his codefendants. *Powers*, 688 N.W.2d at 561. Second, he claimed that his Fifth and Sixth Amendment rights, under the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), were violated when the district court imposed consecutive sentences rather than concurrent sentences. *Powers*, 688 N.W.2d at 561. The postconviction court denied the petition without a hearing, holding that all of Powers' arguments were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). We affirmed. *Powers*, 688 N.W.2d at 562.

On October 26, 2004, Powers filed this second postconviction petition pro se. In this second petition, Powers appears to argue that CRIMJIG 11.02 and 11.03 are unconstitutional,[1] that the district court unconstitutionally "directed" his verdict at sentencing because the first-degree premeditated and second-degree unintentional murder offenses are "incompatible," that the complaint, indictment, and charges were legally insufficient, and that he was unconstitutionally sentenced under Minn. Stat. § 609.05 (2004). The postconviction court denied the petition without a hearing, holding that all of Powers' arguments were procedurally barred under *Knaffla*, and no exceptions applied. Powers then appealed to our court.

In Minnesota, a criminal defendant is permitted to seek postconviction relief under Minn.Stat. § 590.01, subd. 1 (2004). A petitioner seeking postconviction relief

---

1. CRIMJIG 11.02 outlines the elements of premeditated first-degree murder, and 11.03 instructs that transferred intent can be used to satisfy the intent requirement in a premedi-tated first-degree murder charge. 10 Minn. Dist. Judges Ass'n, *Minnesota Practice–Jury Instruction Guides, Criminal*, CRIMJIG 11.02, 11.03 (4th ed. 1999).

bears the burden of establishing the facts alleged in the petition by a fair preponderance of the evidence. Minn.Stat. § 590.04, subd. 3 (2004). To meet that burden, a petitioner's allegations must be supported by more than mere argumentative assertions that lack factual support. *Henderson v. State,* 675 N.W.2d 318, 322 (Minn.2004).

We must decide whether the postconviction court abused its discretion when it summarily denied Powers' second postconviction petition. "On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its discretion." *Ives v. State,* 655 N.W.2d 633, 635 (Minn.2003). A postconviction court must hold an evidentiary hearing unless the petition and the files and records of the proceeding conclusively show that the petitioner is not entitled to relief. Minn.Stat. § 590.04, subd. 1 (2004); *see also Ives,* 655 N.W.2d at 635; *Roby v. State,* 531 N.W.2d 482, 483 (Minn.1995). An evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits. *See Hodgson v. State,* 540 N.W.2d 515, 517 (Minn. 1995). The court may summarily deny a second or successive petition for similar relief made by or on behalf of the same petitioner. Minn.Stat. § 590.04, subd. 3.

Generally, once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. The two exceptions to the general *Knaffla* rule, allowing for postconviction relief even if the petitioners claims could have and should have been raised on direct appeal, are: (1) where a novel legal issue is presented; or (2) where the interests of fair-

ness require relief. *Washington v. State,* 675 N.W.2d 628, 630 (Minn.2004). With respect to the first exception, a claim must be so novel that its legal basis was not reasonably available to petitioner at the time the direct appeal was taken. *King v. State,* 649 N.W.2d 149, 156 (Minn.2002). For the second exception to apply, the petitioner must not have "deliberately and inexcusably" failed to raise the issue on direct appeal. *Greer v. State,* 673 N.W.2d 151, 155 (Minn.2004). Claims decided in the interests of fairness and justice also require that the claims have substantive merit. *See King,* 649 N.W.2d at 157–58.

In Powers' second postconviction petition, he claims that: (1) CRIMJIG 11.02 and 11.03 are unconstitutional as violative of due process because they "relieve[ ] the states [sic] burden of proving intent," (2) the district court unconstitutionally directed his verdict by sentencing him to first-degree premeditated murder because it was impossible for the jury to find him guilty of both first-degree premeditated murder and second-degree unintentional murder, which he claims are "incompatible offenses in which the elements within legally conflict," (3) his indictment was legally insufficient because it supposedly lacked some essential information relating to the charges, and (4) he was unconstitutionally sentenced under Minn.Stat. § 609.05 because the indictment did not include the particular subdivision of section 609.05 under which he was charged. With regard to the last two arguments, Powers asserts that the indictment was insufficient because it "completely fails to charge the statue [sic], definition, and essential elements of the joint offense," and that he was "unconstitutionally sentenced under Minn.Stat. § 609.05 based on the facts of the uncertainty and non-clarity in the format that was used."

We conclude that all four of Powers' arguments for relief are barred under

*Knaffla.* They were all known or knowable at the time of Powers' direct appeal; moreover, neither of the two exceptions to the *Knaffla* rule is applicable. None of the four arguments presents a novel legal issue. Further, Powers has presented no new evidence that would require the postconviction court to consider the arguments raised in his second postconviction petition. As the postconviction court noted, Powers had the necessary information and resources available to him that would have allowed him to include in his first petition for postconviction relief the arguments he now presents in this petition. Finally, the interests of fairness and justice do not require relief. After a review of the petition and the record, files, and proceedings, we conclude that all of Powers' claims in his second postconviction petition lack merit.

Accordingly, we hold that the postconviction court did not abuse its discretion when it summarily denied Powers' second petition for postconviction relief.

Affirmed.