*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0385**

Kim Marie Robberstad, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 25, 2016
Affirmed
Smith, Judge**

Washington County District Court
File No. 82-CR-09-7341

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pete Orput, Washington County Attorney, Peter S. Johnson, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Hooten, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the postconviction court's denial of appellant's petition for postconviction relief because appellant's petition was untimely and she fails to satisfy any exception to the statute of limitations.

# FACTS

On August 14, 2009, drug enforcement agents and police officers executed a search warrant at a residence in the City of St. Paul Park. Several individuals, including appellant Kim Marie Robberstad, were present at the residence. During a search of the residence, agents discovered, among other drug paraphernalia, a plastic container and a small bag, each containing a crystal substance. The plastic container was found in a zippered case and the bag was found in a safe. The St. Paul Police Department Crime Lab (SPPDCL) later tested the crystal substance and identified the substance as methamphetamine.

During a Mirandized interview, Robberstad stated that she and her mother, husband, and three children lived at the residence. She admitted to using methamphetamine in the past, but stated that she had recently stopped. Robberstad also stated that she knew the contents of the safe and admitted that the zippered case belonged to her. Further, she admitted that a piece of paper with notes indicating the sale of drugs belonged to her. During a Mirandized interview, Robberstad's husband stated that the drug paraphernalia belonged to Robberstad. He denied that any of the methamphetamine that was found was his and told officers "it was probably [Robberstad's]."

On August 9, 2010, Robberstad pleaded guilty to fifth-degree possession of a controlled substance. At the plea hearing, Robberstad stated that the methamphetamine found in the plastic container was hers, that she told law enforcement it was hers, and that she possessed methamphetamine on that date. On October 29, 2010, the district court accepted Robberstad's guilty plea. The district court then stayed execution of a 13-month sentence and placed her on probation. Robberstad did not pursue a direct appeal.

On July 19, 2014, Robberstad filed a petition for postconviction relief, seeking to withdraw her guilty plea. Her petition was based on revelations that the SPPDCL had inadequate training and testing protocols. *See generally Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). Robberstad acknowledged in her petition that she did not comply with the general two-year statute of limitations, but she sought to invoke the newly-discovered-evidence and interests-of-justice exceptions to the two-year statute of limitations.

In January 2015, the postconviction court denied Robberstad's petition without an evidentiary hearing. The postconviction court reasoned that Robberstad could not satisfy either of the two exceptions to the two-year statute of limitations that she invoked in her petition.

## D E C I S I O N

## I.

Robberstad argues that the postconviction court erred by summarily denying her petition for postconviction relief. We review a summary denial of postconviction relief for abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted).

A person convicted of a crime who claims that her conviction or sentence violated her constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or

3

(2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *See id.*, subd. 4(b) (2014). But any petition relying on an exception to the two-year statute of limitations is subject to another limitations period, which provides that the petition "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2014); *see also Sanchez v. State*, 816 N.W.2d 550, 552 (Minn. 2012).

Accordingly, "[a] postconviction petitioner is not entitled to relief or an evidentiary hearing on an untimely petition unless he can demonstrate that 'he satisfies one of the [statutory] exceptions . . . and that application of the exception is not time-barred.'" *Roberts*, 856 N.W.2d at 290 (quoting *Riley*, 819 N.W.2d at 168). "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* Here, Robberstad does not deny that her petition was outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply.

A. **Newly-Discovered-Evidence Exception**

Under the newly-discovered-evidence exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if five requirements are satisfied: (1) "the petitioner alleges the existence of newly discovered evidence," (2) the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period," (3) "the evidence is not cumulative," (4) the evidence "is not for impeachment purposes," and (5) the evidence

4

"establishes by a clear and convincing standard that the petitioner is innocent." Minn. Stat. § 590.01, subd. 4(b)(2); *see also Riley*, 819 N.W.2d at 168.

The postconviction court reasoned that the newly-discovered-evidence exception does not apply because Robberstad cannot satisfy the second and fifth requirements. Robberstad argues that the second and fifth requirements are satisfied because the problems at the SPPDCL could not have been discovered through due diligence until after they came to light in 2012 and that "the evidence would probably result in an acquittal or more favorable result at trial." However, as the postconviction court noted in its order, we rejected nearly identical arguments in *Roberts*. 856 N.W.2d at 292 (holding that appellant did not meet his burden to establish that the new evidence regarding the SPPDCL could not have been discovered with due diligence or that the new evidence clearly and convincingly established his innocence). As in *Roberts*, in her plea hearing, Robberstad did not challenge the identity of the substance she possessed. *See id.* at 291-92. She neither offered evidence regarding the chemical composition of the substance, nor claimed that the substance was not methamphetamine. She makes no specific allegations concerning the testing done in her case, and expressly gave up her right to challenge the state's evidence by pleading guilty. Further, like Roberts, Robberstad also faced nonscientific evidence of guilt, including her admissions that she has previously used methamphetamine, that the paraphernalia and methamphetamine belonged to her, and that she knew methamphetamine was in the residence that day. *See id.* at 292. Robberstad's husband also told law enforcement that the paraphernalia was Robberstad's and that the methamphetamine was "probably hers."

5

Robberstad attempts to distinguish *Roberts* by pointing out that, even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with special qualifications to uncover the testing deficiencies. But Robberstad, like Roberts, has not shown that she or her attorney ever made an attempt to investigate the test results or that anyone prevented her or her attorney from doing so. *See id.* at 291. Because Robberstad has failed to establish all of the elements of the newly-discovered-evidence exception, the postconviction court did not abuse its discretion by concluding that the exception does not apply.

## B. Interests-of-Justice Exception

Under the interests-of-justice exception, a postconviction petition that is filed after the two-year statute of limitations may be considered if "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). This exception applies only in extraordinary circumstances. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). Non-exclusive factors to consider in determining whether to apply the interests-of-justice exception include whether the claim has "substantive merit," whether the defendant "deliberately and inexcusably failed to raise the issue on direct appeal," the degree to which each party is at fault for the alleged error, whether "fundamental unfairness to the defendant" will result, and whether invoking the exception is "necessary to protect the integrity of judicial proceedings." *Id.* at 586-87. The supreme court recently clarified that the interests-of-justice exception "relate[s] to the *reason* the petition was filed after the two-year time limit in subdivision 4(a), not the *substantive claims* in the petition," such that "the interests-of-justice exception is triggered by an injustice that *caused* the petitioner

6

to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Sanchez*, 816 N.W.2d at 557.

The postconviction court reasoned that the interests-of-justice exception does not apply because Robberstad had the opportunity to investigate the validity of her test results and declined to do so. Robberstad argues that this exception is satisfied for two reasons. First, she contends that she has meritorious claims. In making this argument she refers to the substantive claims that she alleged in her postconviction petition and continues to pursue on appeal. Because the merits of Robberstad's postconviction petition have no bearing on the applicability of the interests-of-justice exception to the statute of limitations, we will not review them for purposes of determining the applicability of the interest-of-justice exception. *See Sanchez*, 816 N.W.2d at 557.

Second, Robberstad contends that the state should be held responsible for the problems with the SPPDCL and the lack of any disclosure of those problems within the two-year limitations period. As the postconviction court noted in its order, we rejected the same argument in *Roberts*. 856 N.W.2d at 293. Like Roberts, Robberstad had the "opportunity to investigate the validity of the test results . . . and [she] declined to do so," which means that she is "at fault for her failure to discover the problems at the crime lab before [she] pleaded guilty." *See id*. Further, as we reasoned in *Roberts*, there is "no fundamental unfairness that needs to be addressed" because "it is not fundamentally unfair to hold [Robberstad] accountable for [her] choice to accept the state's scientific evidence at face value and resolve [her] case with a guilty plea in exchange for a reduced sentence." *Id*. It is also not "necessary to act in the interests of justice to protect the integrity of the

7

judicial proceedings" because the problems at the SPPDCL do "not stem from a flaw in the judicial process." *Id.*

Because Robberstad has not satisfied all of the requirements of the interests-of-justice exception, the postconviction court did not abuse its discretion by concluding that the exception does not apply.

## II.

Robberstad argues that the postconviction court erred when it denied her request for an evidentiary hearing. A postconviction court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

The postconviction court's analysis and our analysis do not depend on the resolution of disputed facts. Robberstad did not submit an affidavit in support of her petition and there are no facts that need to be developed to address the question of whether exceptions to the statute of limitations are established. Therefore, Robberstad has not shown that the postconviction court abused its discretion by denying her request for an evidentiary hearing. *See id.* at 374.

**Affirmed.**

8