*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1196**

Rojelio Castillo, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Bjorkman, Judge**

Ramsey County District Court
File No. 62-K3-06-004864

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to second-degree possession of a

controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL). Because his petition was untimely, we affirm.

**FACTS**

On December 12, 2006, St. Paul police officers arrested appellant Rojelio Castillo on outstanding warrants. During the search incident to arrest, Castillo informed the arresting officer that he had "a little something" on his person. Officers found a bag of methamphetamine in Castillo's front right jeans pocket. During a subsequent interview, Castillo told police that the substance in his pocket was methamphetamine.

Castillo was charged with second-degree possession of a controlled substance. On February 14, 2007, Castillo pleaded guilty. During the plea hearing, Castillo testified that he possessed 14.43 grams of methamphetamine and he had no reason to dispute law enforcement's tests that identified the substance. His plea petition, which he acknowledged at the hearing, indicated that he was giving up the right to challenge the state's evidence and that he was not making a claim that he was innocent. Castillo was sentenced two months later.

On July 18, 2014, Castillo petitioned for postconviction relief, citing testing deficiencies at the SPPDCL that were identified in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012). Castillo argued that his petition was not time-barred and that he was entitled to postconviction relief on the basis of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The district court denied Castillo's petition without an evidentiary hearing, stating that the petition was untimely and failed on its merits. Castillo appeals.

2

**D E C I S I O N**

An individual who asserts that his criminal conviction was obtained in violation of his constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id*., subd. 4(a) (2012). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *See id.*, subd. 4(b) (2012). A petition that invokes one of the exceptions must be filed within two years of the date the claim arises. *Id*., subd. 4(c) (2012).

We review denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). An abuse of discretion occurs when a postconviction court's decision is based on an erroneous view of the law or is against logic and the facts in the record. *Id*. We review legal issues de novo, but our review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Castillo does not deny that his petition was filed outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply. We address each argument in turn.

**I.    The newly-discovered-evidence exception has not been satisfied.**

A court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (citing Minn. Stat. § 590.01, subd. 4(b)(2)), *review denied* (Minn. Jan. 28, 2015). All five elements must be established to obtain relief. *Id.*

Castillo argues that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute newly discovered evidence. We rejected this argument in *Roberts*, holding that the newly-discovered-evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id.* at 291-92. Like Roberts, Castillo did not challenge the identity of the substance, nor did he ever claim that the substance was not methamphetamine. He did not offer evidence regarding the identity of the substance, and expressly gave up his right to challenge the state's evidence by pleading guilty. During his plea, Castillo specifically stated that he had no reason to dispute the chemical testing done by law enforcement that indicated the substance was methamphetamine. And like *Roberts*, Castillo faced nonscientific evidence of guilt, which included his admission to police that he possessed methamphetamine when he was arrested.

Castillo attempts to distinguish the facts of this case from *Roberts*, arguing that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with specialized training to discover the testing deficiencies. But Castillo, like Roberts, has failed to show that he made an attempt to investigate the test results or that anything prevented him from doing so. *Id*. at 291. Because Castillo has failed to establish all five elements of the newly-discovered-evidence exception, the district court did not abuse its discretion by concluding that the exception does not apply.

## II.  The interests-of-justice exception does not apply.

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings.[1] *Id.*

Castillo argues that his petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)). Castillo pleaded guilty to second-degree possession of a controlled substance. He was represented by counsel and signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence, and was not making a claim that he was innocent. By entering a counseled guilty plea, Castillo waived his evidentiary and procedural challenges. Thus, we need only address whether Castillo is entitled to withdraw his guilty plea based on manifest injustice and ineffective assistance of counsel.

### A. Manifest Injustice

A court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Castillo argues that his guilty plea was not accurate, voluntary, or intelligent. We are not persuaded.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Castillo pleaded guilty to second-degree possession of a controlled substance.[2] He admitted that he possessed 14.43 grams of

---

[2] *See* Minn. Stat. § 152.022, subd. 2(1) (2006) (stating that a person is guilty of second-degree controlled-substance crime if the person unlawfully possesses six or more grams of methamphetamine).

6

methamphetamine, and acknowledged in his plea petition that he was not making a claim that he was innocent. We conclude that these facts are sufficient to satisfy the accuracy requirement.

Courts determine whether a plea is voluntary by considering all relevant circumstances, and ensuring that the defendant did not plead guilty due to improper pressure or coercion. *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Castillo argues that the test results from the SPPDCL created improper pressure that induced him into pleading guilty. We are not persuaded. Castillo did not ask to review the SPPDCL records, did not challenge the test results, and did not dispute that the substance was methamphetamine. Castillo's plea petition, which he signed and acknowledged at the plea hearing, stated that no one had threatened him or made him any promises in order to obtain a guilty plea. We discern no improper pressure or coercion associated with Castillo's guilty plea.

For a guilty plea to be intelligent, the defendant must understand the charges against him, the rights he is waiving, and the consequences of the plea. *Id.* Castillo argues that he did not know about the deficiencies of the SPPDCL, did not understand the scope of his right to challenge the evidence against him, and did not know that he was waiving this right by pleading guilty. These arguments are unavailing. At the plea hearing, Castillo confirmed that he had been charged with and was pleading guilty to second-degree possession of a controlled substance. He stated that he understood the rights he was giving up by pleading guilty. Additionally, the signed plea petition indicated that Castillo's attorney informed him of the rights he was waiving and that he would not have any other

7

opportunity to object to the evidence the state had against him. On this record, we conclude that Castillo understood the charges, the rights he was waiving, and the consequences of his guilty plea. Because the plea was accurate, voluntary, and intelligent, Castillo is not entitled to postconviction relief based upon a manifest injustice.

### B.     Ineffective Assistance of Counsel

To prevail on his ineffective-assistance-of-counsel claim, Castillo must show that his counsel's representation fell below an objective standard of reasonableness and that, but for the counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). A trial counsel's performance is presumed to be reasonable. *Id*. at 266.

Castillo argues that his attorney's representation was not reasonable because he did not obtain and review the SPPDCL file. We disagree. As in *Roberts*, Castillo does not allege that his attorney failed to discuss this option with him, refused to request the file, or advised him not to challenge the results. 856 N.W.2d at 293. Castillo also fails to provide evidence that it was the customary practice of defense attorneys in 2007 to request SPPDCL files for cases involving controlled substances. Because Castillo does not show

8

how his attorney's representation fell below an objective standard of reasonableness, his ineffective-assistance-of-counsel claim fails.[3]

**Affirmed.**

---

[3] A district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2012). The denial of a request for an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. Because the record conclusively shows that Castillo is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).