*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1644**

Monda Thao, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 2, 2016
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62-CR-12-4007

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Stauber, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

On appeal from the summary denial of her petition for postconviction relief,

appellant argues that she should be allowed to withdraw her guilty plea to third-degree

sale of a controlled substance because of testing deficiencies discovered at the St. Paul

Police Department Crime Laboratory (SPPDCL).  We affirm.

## FACTS

On June 28, 2012, appellant Monda Thao pleaded guilty to one count of third-

degree controlled substance crime, sale of methamphetamine.  On September 11, 2012,

she received a stay of imposition of sentence.  But after admitting to several probation

violations, a 21-month sentence was imposed and executed in October 2013.  In July

2012, the SPPDCL came under public scrutiny and was the subject of a *Frye-Mack*

hearing in an unrelated Dakota County District Court case.  Independent reviews of the

SPPDCL indicated problems in the laboratory protocols and testing procedures.  In light

of the problems at the SPPDCL, appellant filed a postconviction petition on September

11, 2014, arguing that she should be allowed to withdraw her guilty plea or be granted an

evidentiary hearing.  The district court denied appellant's petition without an evidentiary

hearing.  This appeal followed.

## D E C I S I O N

This court reviews a summary denial of a postconviction relief for an abuse of

discretion.  *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).  "A postconviction court

abuses its discretion when its decision is based on an erroneous view of the law or is

against logic and the facts in the record."  *State v. Nicks*, 831 N.W.2d 493, 503 (Minn.

2013) (quotation omitted).

Appellant challenges the summary denial of her postconviction petition, arguing

that in light of the deficiencies at the SPPDCL, she should be allowed to withdraw her

guilty plea based on (1) a manifest injustice; (2) ineffective assistance of counsel; (3) newly discovered evidence; (4) a *Brady* violation; and (5) a due-process violation. But "[a] guilty plea by a counseled defendant has traditionally operated . . . as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Jeffries*, 806 N.W.2d 56, 64 (Minn. 2011). Because appellant had counsel and entered a guilty plea, she waived all non-jurisdictional arguments in her postconviction petition. Therefore, the only substantive arguments raised by appellant that were not waived by her guilty plea consist of her manifest-injustice and ineffective-assistance-of-counsel claims.

## I.      Manifest injustice

A court must allow a defendant to withdraw her guilty plea when "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not valid because it is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Appellant argues that her guilty plea was not (1) accurate; (2) voluntary; or (3) intelligent.

### A.      Accurate

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Here, appellant pleaded guilty to third-degree controlled substance crime, sale of methamphetamine. The plea petition, signed

3

by appellant, specifically states that she "make[s] no claim that I am innocent." Appellant also admitted at the plea hearing that she sold methamphetamine to an undercover police officer, that she knew that it is illegal to sell methamphetamine, and that she had no "reason to dispute" that the substance she sold to the undercover officer was methamphetamine. These facts are sufficient to meet the accuracy requirement.

### B. Voluntary

A plea is voluntary if the defendant's will was not overborne at the time she pleaded guilty in response to improper pressures or promises. *See State v. Farnsworth*, 738 N.W.2d 364, 373 (Minn. 2007). Appellant claims that her plea was involuntary because the test results from the SPPDCL improperly pressured her to plead guilty. We disagree. The record reflects that appellant never requested to investigate the SPPDCL reports, nor did she dispute that the substance she sold was methamphetamine. Moreover, the plea petition signed by appellant states that no one was forcing her to plead guilty, and that she had not been promised anything outside of the parameters of the plea agreement. Appellant also admitted at the plea hearing that she "spent a lot of time . . . going through" the plea petition with her attorney. Thus, appellant cannot demonstrate that her guilty plea was involuntary.

### C. Intelligent

Appellant argues that her plea was unintelligent because she did not know about the testing deficiencies at the SPPDCL, she did not understand the scope of her right to challenge the evidence, and did not know that she was waiving this right by pleading guilty. But a guilty plea is intelligent if a defendant understands "the charges against

4

him, the rights he [was] waiving, and the consequences of his plea." *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Here, appellant acknowledged at the plea hearing that she was pleading guilty to third-degree controlled substance crime, sale of methamphetamine. Appellant also admitted that she and her attorney "spent a lot of time . . . going through" her plea petition, which explained the trial rights she was forfeiting by pleading guilty. In fact, appellant admitted at her plea hearing that she "went through each and every one of [her] trial rights" with her attorney before agreeing to plead guilty. Therefore, the record reflects that appellant understood the charges against her, the rights she was waiving, and the consequences of her guilty plea. Because appellant's guilty plea was accurate, voluntary, and intelligent, she is not entitled to withdraw her plea.

## II.     Ineffective assistance of counsel

To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate "(1) that [her] counsel's representation 'fell below an objective standard of reasonableness'; and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). An attorney provides effective assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances. *Dukes v. State*, 621 N.W.2d 246, 252 (Minn. 2001).

Appellant argues that her "attorney did not act reasonably in light of all the circumstances because she did not demand and review the underlying SPPDCL file in her case." But this court rejected an identical argument in *Roberts v. State*, 856 N.W.2d 287, 293 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). As in *Roberts*, there is nothing in the record indicating that appellant ever questioned the validity of the test results. Appellant also has failed to cite any evidence that would have given her attorney a reason to believe that the substance she sold was not methamphetamine; appellant not only admitted at her plea hearing that she sold methamphetamine, but she admitted to the arresting officers that "she is addicted to methamphetamine," that "she has been selling methamphetamine since her divorce in November," and that she "obtain[ed] drugs and then exchang[ed] the drugs for money." To put it bluntly, appellant failed to provide any reason why her attorney would question the validity of the SPPDCL test results. Moreover, appellant has not shown that a reasonably competent defense attorney exercising customary skills and diligence in a controlled-substance case would have demanded the SPPDCL file before the discovery of the SPPDCL's deficiencies. *See State v. Vang*, 847 N.W.2d 248, 267 (Minn. 2014) (stating that the reasonableness of counsel's conduct is judged in view of the facts at the time of the conduct). And finally, appellant's claim that her trial counsel was ineffective for failing to investigate the test results is considered a part of trial strategy, which this court generally does not review. *See Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (stating that "[t]he extent of counsel's investigation is considered a part of trial strategy," which is generally not

6

reviewable).  Accordingly, appellant is unable to establish that she was denied the

effective assistance of counsel.[1]

**Affirmed.**

---

[1] A district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief.  Minn. Stat. § 590.04, subd. 1 (2014).  We review the denial of a request for an evidentiary hearing for an abuse of discretion.  *Powers*, 695 N.W.2d at 374.  Because the record conclusively shows that appellant is not entitled to postconviction relief, the district court did not abuse its discretion by denying her request for an evidentiary hearing.  *Id.*