*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1758**

Jullius Antwon Coleman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 23, 2016
Affirmed
Bjorkman, Judge**

Ramsey County District Court
File No. 62-CR-11-5636

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota

Considered and decided by Bjorkman, Presiding Judge; Rodenberg, Judge; and Bratvold, Judge.

## U N P U B L I S H E D   O P I N I O N

**BJORKMAN**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to fifth-degree possession of a

controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL).  Because his petition was untimely, we affirm.

## FACTS

On March 17, 2011, St. Paul police officers stopped appellant Jullius Antwon Coleman after a woman reported that Coleman wanted to kill her and brought her to a bank to cash a stolen check.  During a pat search, the officers discovered a crumpled sheet of paper containing suspected methamphetamine.  After being advised of his constitutional rights, Coleman agreed to speak with the officers and admitted to possessing methamphetamine.

Respondent State of Minnesota charged Coleman with fifth-degree possession of a controlled substance.  On September 12, 2011, Coleman pleaded guilty.  During his plea hearing, Coleman testified that he possessed methamphetamine and he had no reason to dispute law enforcement's tests that identified the substance as methamphetamine. Coleman was sentenced the same day.  The district court imposed a 24-month sentence, to be served concurrently with a sentence Coleman was serving for another offense.

On July 18, 2014, Coleman filed a petition for postconviction relief.  The petition alleged that Coleman was entitled to relief based on the "faulty testing policies, practices, and procedures" at the SPPDCL that came to light in 2012.  *See Roberts v. State*, 856 N.W.2d 287, 289 (Minn. App. 2014) (discussing the discovery of systemic problems and subsequent audits of the SPPDCL), *review denied* (Minn. Jan. 28, 2015).  Coleman argued that the two-year period for bringing his petition did not bar his claim because the

2

newly-discovered-evidence and interests-of-justice exceptions applied. The district court summarily denied the petition as untimely. Coleman appeals.

**D E C I S I O N**

An individual who asserts that his criminal conviction was obtained in violation of his constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2012). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *See id.*, subd. 4(b) (2012). A petition that invokes one of the exceptions must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2012).

We review denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). An abuse of discretion occurs when a postconviction court's decision is based on an erroneous view of the law or is against logic and the facts in the record. *Id.* We review legal issues de novo, but our review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Coleman does not deny that he filed his petition outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply. We address each argument in turn.

3

**I.** **The newly-discovered-evidence exception has not been satisfied.**

A court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts*, 856 N.W.2d at 290 (citing Minn. Stat. § 590.01, subd. 4(b)(2)). All five elements must be established to obtain relief. *Id.*

Coleman cannot show the SPPDCL testing deficiencies could not have been discovered within the two-year time limit, because they became public during that time. The testing deficiencies became public in July 2012, less than a year into Coleman's two-year time limit for filing a timely petition.

Moreover, we have previously rejected the argument that evidence of the SPPDCL issues constitutes newly discovered evidence. In *Roberts*, we held that the newly-discovered-evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id.* at 291-92. Like Roberts, Coleman did not challenge the identity of the substance, nor did he ever claim the substance was not methamphetamine. And he expressly gave up his right to challenge the state's evidence by pleading guilty. During his plea, Coleman stated he had no reason to dispute the chemical testing done by law enforcement that indicated the substance was methamphetamine. And like Roberts, Coleman faced nonscientific

4

evidence of guilt, which included his admission to police that he possessed methamphetamine when he was arrested. Finally, like Roberts, Coleman did not show that he attempted to investigate the test results or that anything prevented him from doing so. *Id*. at 291.

Because Coleman has failed to establish all five elements of the newly-discovered-evidence exception, the district court did not abuse its discretion by concluding that the exception does not apply.

**II.    The interests-of-justice exception does not apply.**

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. Coleman argues that he is entitled to postconviction relief because his petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. We are not persuaded.

The interests-of-justice exception applies when an injustice caused the petitioner to miss the two-year filing deadline. *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012). In other words, the interests of justice relate to the reason the petition was untimely, not the substantive claims advanced in the petition. *Id.*; *see also* Minn. Stat. § 590.01, subd. 4(c) (petitions invoking the interests-of-justice exception "must be filed

5

within two years of the date the claim arises"). Coleman's interests-of-justice claims relate to the substance of his petition, not the reason the petition was untimely. Coleman does not identify any injustice that caused him to miss the two-year filing deadline. Because the only injustice Coleman claims is identical to the substance of his petition, the interests-of-justice exception does not apply. *Sanchez*, 816 N.W.2d at 557. And because Coleman's petition was untimely, we conclude that the district court did not abuse its discretion by denying the petition.[1]

**Affirmed.**

---

[1] A district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2012). The denial of a request for an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. Because the record conclusively shows that Coleman is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).