*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1768**

Jovon Perez Davis, petitioner,
Appellant,
vs.

State of Minnesota,
Respondent.

**Filed May 23, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-11-9058

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Rodenberg, Judge; and Bratvold, Judge.

**UNPUBLISHED OPINION**

**RODENBERG**, Judge

Appellant Jovon Perez Davis challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to fifth-degree possession of a controlled substance because of testing deficiencies at the

St. Paul Police Department Crime Lab (SPPDCL). Because his petition was untimely, we affirm.

**FACTS**

On October 27, 2011, St. Paul police officers stopped appellant's vehicle for having no front license plate. While speaking with appellant, the officers smelled an odor of marijuana coming from the vehicle. When asked about the odor, appellant stated that there was marijuana in the glove box. Officers located marijuana in the glove box, and then searched the vehicle. In the center console, officers located a plastic bag containing 30 pills that appeared to be controlled substances.

After being advised of his *Miranda* rights, appellant was interviewed and admitted that the marijuana and pills found in the vehicle belonged to him. He told the officers that he had purchased the pills for pain in his hands, and from "a guy he knows." The SPPDCL identified 15 of the pills as hydrocodone bitartrate and acetaminophen (commonly known as Vicodin), a Schedule III controlled substance. The remaining 15 pills were identified as oxycodone hydrochloride with acetaminophen (commonly known as Percocet), a Schedule II controlled substance. The SPPDCL also confirmed the identity of the suspected marijuana weighing 27.51 grams.

The state charged appellant with fifth-degree controlled substance crime (possession) in violation of Minn. Stat. § 152.025, subd. 2(b)(1) (2010). The state disclosed to appellant documentation and correspondence that it had received from the SPPDCL. Appellant did not challenge the validity of the test results or dispute the allegation that the substances were marijuana and controlled-substance narcotics. On

2

April 23, 2012, appellant pleaded guilty to possessing the controlled substances. The district court sentenced appellant to a stayed sentence of one year and one day and placed him on probation for five years.

In July 2012, the SPPDCL came under public scrutiny and was the subject of a *Frye-Mack* hearing in an unrelated Dakota County District Court case. Independent reviews of the SPPDCL revealed systemic problems in its laboratory protocols and testing processes. On July 18, 2014, appellant petitioned for postconviction relief, arguing that the postconviction court should permit him to withdraw his guilty plea or grant an evidentiary hearing on the grounds that: (1) the deficient SPPDCL testing is newly discovered evidence; (2) the state violated *Brady v. Maryland* by not disclosing the deficient testing to appellant; (3) the state violated appellant's due-process rights by using unreliable scientific evidence to obtain the guilty plea; (4) appellant's guilty plea was not accurate, voluntary, or intelligent; and (5) he received ineffective assistance of counsel. Although appellant filed his petition more than two years after entry of judgment of his conviction, he argued that his petition was timely because it met the newly discovered evidence and interests-of-justice exceptions to the statutory two-year time-bar.

The postconviction court denied appellant's petition without a hearing, concluding that the petition is time-barred and fails on the merits. This appeal followed.

## DECISION

Appellant argues that the postconviction court abused its discretion by determining that his petition for postconviction relief is time-barred. "A person convicted of a crime who claims that the conviction violates his rights under the constitution or laws of the

3

United States or Minnesota may petition for postconviction relief unless direct appellate relief is available." *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015); *see also* Minn. Stat. § 590.01, subd. 1 (2014). The petitioner must file the petition for postconviction relief within two years of "the entry of judgment of conviction or sentence if no direct appeal is filed." Minn. Stat. § 590.01, subd. 4(a) (2014). But there are five statutory exceptions to the two-year filing deadline. *See id.*, subd. 4(b) (2014).

Here, appellant argues that two exceptions apply: (1) "the existence of newly discovered evidence, including scientific evidence, that could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition" and (2) "the petition is not frivolous and is in the interests of justice." *Id.* If an exception applies, the petition must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2014). A claim arises when the petitioner "knew or should have known" that the claim existed. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012). A petitioner must demonstrate that he satisfies one of the statutory exceptions before he will be entitled to relief or an evidentiary hearing on an untimely petition. *Roberts*, 856 N.W.2d at 290. "If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition as untimely." *Id.* We must first determine if any exceptions to the time limitation apply before we address the substantive claims of the petition. *Gassler v. State*, 787 N.W.2d 575, 582 (Minn. 2010).

We review "the denial of a petition for postconviction relief without a hearing for an abuse of discretion." *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013). The postconviction court "abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted).

## I. Newly Discovered Evidence Exception

A court may hear an otherwise untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts*, 856 at 290 (citing Minn. Stat. § 590.01, subd. 4(b)(2)). All five elements must be established to obtain relief. *Id*.

Appellant argues that the testing deficiencies discovered at the SPPDCL in 2012 constitute newly discovered evidence. We rejected a similar argument in *Roberts*, holding that the newly discovered evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id*. at 291-92. Like Roberts, appellant did not challenge the identification of the substances, nor did he ever claim that the substances were not narcotics. He did not offer evidence regarding the identity of the substances and expressly gave up his right to challenge the state's evidence by pleading guilty. Appellant specifically

5

acknowledged signing the plea petition and stating that he possessed narcotics not prescribed to him. And like *Roberts*, appellant faced nonscientific evidence of guilt, which included his admissions to police and at his plea hearing that he possessed the non-prescribed narcotics and marijuana when he was arrested.

Appellant attempts to distinguish the facts of this case from *Roberts*, arguing that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with specialized training to discover the testing deficiencies. But appellant, like Roberts, has failed to show that he made any attempt to investigate the test results or that anything prevented him from doing so. *Id*. at 291. Because appellant has failed to establish all five elements of the newly discovered evidence exception, the district court did not abuse its discretion by concluding that the exception does not apply.

## II.     Interests-of-Justice Exception

To satisfy the interests-of-justice exception, a petitioner must establish that "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). We will only apply the interests-of-justice exception "in exceptional situations." *Gassler*, 787 N.W.2d at 586. The Minnesota Supreme Court has "identified a non-exclusive list of factors to be considered." *Id.* Those factors include "the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed." *Id.* at 587.

Appellant argues that his petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective

6

assistance of counsel. The first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)). Appellant pleaded guilty to fifth-degree possession of a controlled substance. He was represented by counsel at the plea hearing and signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence, and was not making a claim that he was innocent. By entering a counseled guilty plea, appellant waived his evidentiary and procedural challenges. Thus, we address only whether appellant is entitled to withdraw his guilty plea based on manifest injustice and ineffective assistance of counsel.

### A.    *Manifest Injustice*

A court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Appellant argues that his guilty plea was not accurate, voluntary, or intelligent. We are not persuaded.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Appellant pleaded guilty to fifth-degree possession of a controlled substance. He admitted in his plea petition and at the plea hearing that he possessed narcotic pills not prescribed to him, and acknowledged that he

7

was not making a claim that he was innocent. We conclude that these facts are sufficient to satisfy the accuracy requirement.

Courts determine whether a plea is voluntary by considering all relevant circumstances, and ensuring that the defendant did not plead guilty due to improper pressure or coercion. *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Appellant argues that the test results from the SPPDCL created improper pressure that induced him into pleading guilty. We are not persuaded. Appellant did not ask to review the SPPDCL records, did not challenge the test results, and did not dispute that the substances were non-prescribed narcotics. Both appellant's signed plea petition and his sworn testimony at the plea hearing provided that no one had threatened him or made him any promises in order to obtain a guilty plea. We discern no improper pressure or coercion associated with appellant's guilty plea.

For a guilty plea to be intelligent, the defendant must understand the charges against him, the rights he is waiving, and the consequences of the plea. *Id.* Appellant argues that he did not know about the deficiencies of the SPPDCL, did not understand the scope of his right to challenge the evidence against him, and did not know that he was waiving this right by pleading guilty. These arguments are unavailing. Appellant's signed plea petition and statements at the plea hearing indicate that his attorney informed him of the rights he was waiving and that he would not have any other opportunity to object to the evidence the state had against him. On the record before us, we conclude that appellant understood the charges, the rights he was waiving, and the consequences of

8

his guilty plea. Because the plea was accurate, voluntary, and intelligent, appellant is not entitled to postconviction relief based upon a manifest injustice.

B.     *Ineffective Assistance of Counsel*

To prevail on his ineffective-assistance-of-counsel claim, appellant must show that his counsel's representation fell below an objective standard of reasonableness and that, but for the counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). Trial counsel's performance is presumed to be reasonable. *Id*. at 266.

Appellant argues that his attorney's representation was not reasonable because his attorney did not demand to review the SPPDCL file. We disagree. As in *Roberts*, appellant does not allege that his attorney failed to discuss this option with him, refused to request the file, or advised him not to challenge the results. 856 N.W.2d at 293. Appellant also fails to provide evidence that would have given his attorney a reason to believe that the substances were not prescription narcotics or marijuana; appellant not only admitted to possessing "hydrocodone" in his plea petition and at the plea hearing, he also admitted to the arresting officer that he had purchased "the pills from a guy he knows to help with pain in his hands." And finally, appellant's claim that his trial counsel was ineffective for failing to investigate the test results is considered a part of trial strategy, which this court generally does not review. *See Opsahl v. State*, 677

9

N.W.2d 414, 421 (Minn. 2004) (stating that "[t]he extent of counsel's investigation is considered a part of trial strategy," which is generally not reviewable).  Because appellant does not show how his attorney's representation fell below an objective standard of reasonableness, his ineffective-assistance-of-counsel claim fails.[1]

**Affirmed.**

---

[1] A district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief.  Minn. Stat. § 590.04, subd. 1 (2014).  The denial of a request for an evidentiary hearing is reviewed for an abuse of discretion.  *Riley*, 819 N.W.2d at 167.  Because the record conclusively shows that appellant is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *See Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).