*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1643**

Gregory Lee Cobbins, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 9, 2016
Affirmed
Kirk, Judge**

Ramsey County District Court
File No. 62-CR-12-1329

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Jesson, Presiding Judge; Peterson, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to fifth-degree possession of a controlled

substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab. Because his petition was untimely, we affirm.

## FACTS

On February 15, 2012, appellant Gregory Lee Cobbins was charged with fifth-degree possession of a controlled substance. The charge arose after law enforcement, while executing a search warrant on a residence, performed a *Terry* search on Cobbins and found a baggie containing crack cocaine in his front pocket.

On April 23, 2012, the district court held a plea hearing, and Cobbins appeared with his attorney. Cobbins signed a plea petition, which was admitted into the record, acknowledging that he was represented by an attorney, that he had sufficient time to discuss the case and any possible defenses to the charge with his attorney, and that he was satisfied that his attorney had represented his interests and fully advised him. He also waived his trial rights. At the plea hearing, Cobbins agreed that he and his attorney had reviewed respondent State of Minnesota's police reports describing his offense and the evidence supporting the charge. Cobbins verbally waived his right to a jury trial and an evidentiary hearing.

Cobbins provided a factual basis for his guilty plea. He acknowledged on the record that while law enforcement executed a search warrant at a residence in St. Paul, they asked Cobbins if he had anything in his pocket that they should know about, and Cobbins told them that he had cocaine in his pocket. Cobbins admitted that he was aware that the substance found in his pocket was later determined to be .27 grams of cocaine. The district

2

court sentenced Cobbins to prison for 15 months, stayed for 5 years. After Cobbins

violated probation twice, the district court executed his stayed 15-month sentence.

On July 18, 2014, Cobbins petitioned for postconviction relief, citing widespread

evidence-testing problems at the St. Paul Police Department Crime Lab (SPPDCL) that

were identified in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012).

Cobbins argues that his petition was not time barred and that he was entitled to

postconviction relief on the grounds of newly discovered evidence, a *Brady* violation, a

due-process violation, manifest injustice, and ineffective assistance of counsel. The

postconviction court denied Cobbins's petition without an evidentiary hearing. Cobbins

appeals.

## D E C I S I O N

## I. Cobbins's petition for postconviction relief does not satisfy the newly-discovered-evidence or interests-of-justice exceptions to the two-year time limit in Minn. Stat. § 590.01 (2014).

"We review a denial of a petition for postconviction relief, as well as a request for

an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167

(Minn. 2012). "A postconviction court abuses its discretion when its decision is based on

an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*,

831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted). "We review legal issues de novo,

but on factual issues our review is limited to whether there is sufficient evidence in the

record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33,

36 (Minn. 2015) (quotation omitted).

3

An individual who is convicted of a crime and claims the conviction was obtained in violation of the individual's constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). A petition invoking one of these exceptions must be filed within two years of the date that the claim arises. *Id.*, subd. 4(c) (2014).

Cobbins does not dispute that he filed his postconviction petition after the two-year time limit. He argues that the newly-discovered-evidence and the interests-of-justice exceptions apply.

A.      *Newly-discovered-evidence exception*

To satisfy the newly-discovered-evidence exception to the postconviction time limit, Cobbins's postconviction petition must allege that: (1) newly discovered evidence exists; (2) "the evidence could not have been ascertained by the exercise of due diligence . . . within the two-year time period for filing a postconviction petition; (3) the evidence is not cumulative . . . ; (4) the evidence is not for impeachment purposes; and (5) the evidence establishes by a clear and convincing evidence standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (quotation omitted); Minn. Stat. § 590.01, subd. 4(b) (2014). All five elements must be established in order to obtain relief. *Roberts*, 856 N.W.2d at 290.

Cobbins asserts that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute new evidence. But in *Roberts*, we addressed this argument and held that

4

the newly-discovered-evidence exception did not apply because Roberts failed to demonstrate that the testing deficiencies at SPPDCL could not have been discovered through the exercise of due diligence. *Id.* at 291. And any evidence of the SPPDCL's testing deficiencies would only constitute impeaching evidence. "We will not grant a new trial on the basis of evidence that is merely impeaching." *Pippett v. State*, 737 N.W.2d 221, 228 (Minn. 2007). Because Cobbins fails to present any evidence that the SPPDCL's testing deficiencies affected his particular case, evidence regarding SPPDCL's problems would be used to impeach a lab analyst on cross-examination, rather than preclude the evidence in his case from being admitted. *See e.g.*, *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in expert witness's procedures "went to the weight, rather than to the admissibility of his testimony").

Cobbins also fails to establish through clear and convincing evidence that he was in fact innocent. *Roberts*, 856 N.W.2d at 291-92 (holding that Roberts did not demonstrate by clear and convincing evidence that he is innocent of the offense for which he was convicted because he did not offer evidence regarding the chemical composition of the substance and that the substance was not cocaine). Cobbins never challenged the identity of the substance found on his person on the day of his arrest, nor did he ever claim that the substance was not cocaine. At the plea hearing, he admitted that the substance was cocaine. Cobbins makes no specific allegations concerning the testing by SPPDCL in his case, and by pleading guilty, he relinquished his right to challenge the state's evidence.

Here, Cobbins fails to meet his burden of demonstrating that the SPPDCL testing deficiencies satisfy the new-evidence exception under *Roberts* and Minn. Stat. § 590.01, subd. 4(b)(2). The postconviction court did not abuse its discretion by concluding that this exception was not applicable to Cobbins's case.

## B.     *The interests-of-justice exception*

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Roberts*, 856 N.W.2d at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5) (2012)). This exception only applies to exceptional cases. *Id.* To qualify for the interests-of-justice exception, "a claim must have substantive merit and the [petitioner] must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* (quotation omitted). The district court also weighs a number of factors, including the degree to which each party is at fault for the alleged error, whether fundamental fairness to the petitioner needs to be addressed, and whether it is "necessary to protect the integrity of judicial proceedings."[1] *Id.*

Cobbins argues that his postconviction petition has merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. Cobbins's first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)).

Here, Cobbins pleaded guilty to fifth-degree possession of a controlled substance. He was represented by counsel, signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence, and was not making a claim that he was innocent. By entering a counseled guilty plea, Cobbins waived his evidentiary and procedural challenges. We now address Cobbins's remaining arguments, whether he is entitled to withdraw his guilty plea on the grounds of manifest injustice and ineffective assistance of counsel.

i.    *Manifest injustice*

The validity of a guilty plea is a question of law, which this court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.05, subd. 1, states in relevant part that "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 93-94.

"A proper factual basis must be established for a guilty plea to be accurate." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Cobbins argues that his guilty plea is not factually accurate because the statements supporting the factual basis of his guilty plea were based on an unreliable SPPDCL laboratory test. Here, the record shows that Cobbins pleaded guilty to fifth-degree possession of a controlled substance. He admitted that the substance was cocaine and, by signing his plea petition, acknowledged that he was not

7

making any claim that he was innocent. These facts, acknowledged by Cobbins at his plea hearing, satisfy the accuracy requirement.

"Whether a plea is voluntary is determined by considering all relevant circumstances." *Raleigh*, 778 N.W.2d at 96. "The voluntariness requirement ensures a defendant is not pleading guilty due to improper pressure or coercion." *Id.* Cobbins argues that his guilty plea was involuntary. He asserts that, "[i]n light of what we now know about the [SPPDCL], that it was not credible, it was not scientific, and it was not operating as a lab, there was an improper pressure to induce [Cobbins] to plead guilty."

At the plea hearing, Cobbins admitted that the cocaine found in his pocket was sent for testing, and it was confirmed to be .27 grams of cocaine. He did not ask to review the SPPDCL records, did not challenge the admission of the lab report, and did not dispute that the substance was cocaine. Cobbins was not improperly pressured or coerced to plead guilty.

"The intelligence requirement ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *Raleigh*, 778 N.W.2d at 96. Cobbins argues that when he pleaded guilty, he was unaware about testing deficiencies at the SPPDCL, he did not know how to challenge the admissibility of scientific evidence, and he did not adequately understand the scope of the right to challenge the evidence.

The record shows that at the plea hearing, Cobbins acknowledged that he had been charged with fifth-degree possession of a controlled substance, that he understood the contents of his signed plea petition, and he verbally stated that he understood the

8

consequences of waiving his right to an evidentiary hearing and trial.  Cobbins understood the charges against him, the rights that he was waiving, and the consequences of pleading guilty.  Because Cobbins's plea was accurate, voluntary, and intelligent, he is not entitled to postconviction relief based upon a manifest injustice.

### ii. Ineffective assistance of counsel

"[T]o demonstrate ineffective assistance of counsel, a [defendant] must show that the representation fell below an objective standard of reasonableness . . . and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted).  Counsel's performance is judged by an objective standard of "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (quotation omitted).  "Trial counsel's performance is presumed to be reasonable." *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

Cobbins argues that his attorney's representation was not reasonable because he "did not demand and review the underlying [SPPDCL] file in his case."  But at his plea hearing, Cobbins acknowledged that he was waiving his right to have his attorney question or cross-examine his accusers, which ostensibly would include the lab analyst who determined that the substance found on Cobbins was cocaine.  Cobbins does not allege that his attorney failed to discuss the option of demanding the SPPDCL file, refused to request the file, or advised him not to challenge the results.  *See Roberts*, 856 N.W.2d at 293

9

(holding Roberts's ineffective-assistance-of-counsel claim fails because he did not allege that his attorney failed to discuss the option of investigating the validity of the test results, refused his request to challenge the test results, or advised him not to challenge the results).

Cobbins also fails to demonstrate that it was routine, customary practice of defense attorneys in 2011 to request SPPDCL files for cases involving controlled substances. For these reasons, Cobbins's ineffective-assistance-of-counsel claim fails.

## II. The postconviction court did not err in denying Cobbins's request for an evidentiary hearing.

Cobbins argues that the postconviction court erred by denying his request for an evidentiary hearing. A postconviction court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

Cobbins is not entitled to relief for the reasons discussed earlier in this opinion, and there are no disputed issues of material fact. Therefore, Cobbins has not shown that the postconviction court abused its discretion by denying his request for an evidentiary hearing. *Id.*

**Affirmed.**