*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1213**

Lyndsey Rae Kidd, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 9, 2016
Affirmed
Kirk, Judge**

Ramsey County District Court
File No. 62-CR-10-6733

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Jesson, Presiding Judge; Cleary, Chief Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges the denial of her petition for postconviction relief, arguing that she should be allowed to withdraw her guilty plea to fifth-degree possession of a

controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab.  Because her petition was untimely, we affirm.

## FACTS

On August 20, 2010, appellant Lyndsey Rae Kidd was charged with fifth-degree possession of a controlled substance after a loss-prevention associate from a department store recovered stolen property from her person.  The associate contacted the police, and a Maplewood police officer recovered methamphetamine and a glass pipe from Kidd's purse.

At the plea hearing, Kidd appeared with her attorney.  Kidd's signed plea petition, which was admitted into the record, acknowledged that she had sufficient time to discuss any possible defenses to the charge with her attorney, and that she was satisfied that her attorney had represented her interests and fully advised her.  Kidd also waived her trial rights.  Kidd confirmed that while she had previously received treatment for mental illness, she was now thinking clearly and that she understood the charges, the plea agreement, and the consequences of pleading guilty.  Kidd verbally waived her right to a jury trial.  The district court accepted Kidd's signed plea petition into the record.

Kidd provided a factual basis for her guilty plea.  She admitted that a police officer found methamphetamine in her purse at a department store in Maplewood and that the drugs belonged to her.  Kidd testified that she did not have any reason to disagree with the fact that the drugs were tested by the St. Paul Police Department Crime Lab (SPPDCL) and verified to be .54 grams of methamphetamine.

2

On December 20, 2010, the district court granted Kidd a stay of adjudication and placed her on supervised probation for five years. But Kidd later committed three additional offenses while on probation. On April 2, 2012, the district court revoked Kidd's stay of adjudication, entered a judgment of conviction, and executed her one-year and one-day sentence for fifth-degree possession of a controlled substance.

On July 18, 2014, Kidd petitioned for postconviction relief, asking to withdraw her guilty plea because of the widespread evidence-testing problems at the SPPDCL that were identified in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012). Kidd argued that her petition was not time barred and that she was entitled to postconviction relief on the grounds of newly discovered evidence, the interests of justice, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. Kidd also requested that she be granted an evidentiary hearing to resolve material issues of fact and law raised in her petition. The postconviction court denied Kidd's petition without an evidentiary hearing.

Kidd appeals.

## D E C I S I O N

**I.  Kidd's petition for postconviction relief does not satisfy the newly-discovered-evidence or interests-of-justice exceptions to the two-year time limit in Minn. Stat. § 590.01 (2014).**

"We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v.*

3

*Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted). "We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quotation omitted).

An individual who is convicted of a crime and claims the conviction was obtained in violation of the individual's constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). A petition invoking one of these exceptions must be filed within two years of the date that the claim arises. *Id.*, subd. 4(c) (2014).

Kidd does not dispute the fact that she filed her postconviction petition after the two-year time limit. Instead, she argues that the newly-discovered-evidence and interests-of-justice exceptions apply.

### A. Newly-discovered-evidence exception

To satisfy the newly-discovered-evidence exception to the postconviction time limit, Kidd's postconviction petition must allege that: (1) newly discovered evidence exists; (2) "the evidence could not have been ascertained by the exercise of due diligence . . . within the two-year time period for filing a postconviction petition; (3) the evidence is not cumulative . . . ; (4) the evidence is not for impeachment purposes; and (5) the evidence establishes by a clear and convincing evidence standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." *Roberts v. State*, 856

4

N.W.2d 287, 290 (Minn. App. 2014) (quotation omitted); Minn. Stat. § 590.01, subd. 4(b) (2014). All five elements must be established in order to obtain relief. *Roberts*, 856 N.W.2d at 290.

Kidd asserts that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute new evidence. But in *Roberts*, we addressed this argument and held that the newly-discovered-evidence exception did not apply because Roberts failed to demonstrate that the testing deficiencies at SPPDCL could not have been discovered through the exercise of due diligence. *Id.* at 291. And any evidence of the SPPDCL's testing deficiencies would only constitute impeaching evidence. "We will not grant a new trial on the basis of evidence that is merely impeaching." *Pippett v. State*, 737 N.W.2d 221, 228 (Minn. 2007). Because Kidd fails to present any evidence that the SPPDCL's testing deficiencies affected her particular case, evidence regarding SPPDCL's problems would only be used to impeach a lab analyst on cross-examination, rather than to preclude the evidence in her case from being admitted. *See e.g.*, *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in expert witness's procedures "went to the weight, rather than to the admissibility of his testimony").

Kidd also fails to establish through clear and convincing evidence that she was in fact innocent. *Roberts*, 856 N.W.2d at 291-92 (holding that Roberts did not demonstrate by clear and convincing evidence that he is innocent of the offense for which he was convicted because he did not offer evidence regarding the chemical composition of the substance and that the substance was not cocaine). As in *Roberts*, Kidd never challenged

5

the identity of the substance found in her purse on the day of her arrest, nor did she ever claim that the substance was not methamphetamine. At the plea hearing, she admitted that the substance found in her purse was methamphetamine, which belonged to her. Kidd makes no specific allegations concerning the testing by SPPDCL in her particular case, and by pleading guilty, she relinquished her right to challenge the state's evidence.

Here, Kidd fails to meet her burden of demonstrating that the SPPDCL testing deficiencies satisfy the new-evidence exception under *Roberts* and Minn. Stat. § 590.01, subd. 4(b)(2). The postconviction court did not abuse its discretion by concluding that this exception was not applicable to Kidd's case.

### B. *The interests-of-justice exception*

"[A] [district] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Roberts*, 856 N.W.2d at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5) (2012)). This exception only applies to exceptional cases. *Id.* To qualify for the interests-of-justice exception, "a claim must have substantive merit and the [petitioner] must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* (quotation omitted). The district court also weighs a number of factors, including the degree to which each party is at fault for the alleged error, whether fundamental fairness to the petitioner needs to be addressed, and whether it is "necessary to protect the integrity of judicial proceedings."[1] *Id.*

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

6

Kidd argues that her postconviction petition has merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. Kidd's first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)).

Here, Kidd pleaded guilty to fifth-degree possession of a controlled substance. She was represented by counsel, signed a plea petition acknowledging that she had the opportunity to discuss her defenses with her attorney, was giving up the right to challenge the state's evidence, and was not making any claim that she was innocent. By entering a counseled guilty plea, Kidd waived her evidentiary and procedural challenges. We now address Kidd's remaining arguments, whether she is entitled to withdraw her guilty plea on the grounds of manifest injustice and ineffective assistance of counsel.

### i. *Manifest injustice*

The validity of a guilty plea is a question of law, which this court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.05, subd. 1, states in relevant part that "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 93-94.

"A proper factual basis must be established for a guilty plea to be accurate." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Kidd argues that her guilty plea is not

factually accurate because the statements supporting the factual basis of her guilty plea were based on an unreliable SPPDCL laboratory report. Here, the record shows that Kidd pleaded guilty to fifth-degree possession of a controlled substance. She admitted that the substance was methamphetamine and, by signing her plea petition, acknowledged that she was not making any claim that she was innocent. These facts, acknowledged by Kidd at her plea hearing, satisfy the accuracy requirement.

"Whether a plea is voluntary is determined by considering all relevant circumstances." *Raleigh*, 778 N.W.2d at 96. "The voluntariness requirement ensures a defendant is not pleading guilty due to improper pressure or coercion." *Id.* Kidd argues that her guilty plea was involuntary. She asserts that, "[i]n light of what we now know about the SPPDCL, that it was not credible, it was not scientific, and it was not operating as a lab, this was an improper pressure to induce [Kidd] to plead guilty."

At the plea hearing, Kidd testified that she did not have any reason to disagree with the fact that SPPDCL determined that the drugs found in her purse were .54 grams of methamphetamine. She did not ask to review the SPPDCL records, did not challenge the admission of the SPPDCL lab report, and did not dispute that the drugs were methamphetamine. Under these facts, Kidd was not improperly pressured or coerced to plead guilty.

"The intelligence requirement ensures that a defendant understands the charges against [her], the rights [s]he is waiving, and the consequences of [her] plea." *Raleigh*, 778 N.W.2d at 96. Kidd argues that when she pleaded guilty, she was unaware about

testing deficiencies at the SPPDCL and did not know how to challenge the admissibility of scientific evidence.

The record shows that at the plea hearing, Kidd acknowledged that she had been charged with fifth-degree possession of a controlled substance, she understood the contents of her signed plea petition, and that she verbally stated that she understood the consequences of waiving her right to a trial. Kidd understood the charges against her, the rights that she was waiving, and the consequences of pleading guilty. Because Kidd's plea was accurate, voluntary, and intelligent, she is not entitled to postconviction relief based upon a manifest injustice.

ii.  *Ineffective assistance of counsel*

"[T]o demonstrate ineffective assistance of counsel, a [defendant] must show that the representation fell below an objective standard of reasonableness . . . and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted). Counsel's performance is judged by an objective standard of "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (quotation omitted). "Trial counsel's performance is presumed to be reasonable." *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

Kidd argues that her attorney's representation was not reasonable because he "did not demand and review the underlying SPPDCL file in this case." But at her plea

hearing, Kidd acknowledged that she was waiving her right to challenge the evidence in the case. Kidd does not allege that her attorney failed to discuss the option of demanding the SPPDCL file, refused to request the file, or advised her not to challenge the results. *See Roberts*, 856 N.W.2d at 293 (holding Roberts's ineffective-assistance-of-counsel claim fails because he did not allege that his attorney failed to discuss the option of investigating the validity of the test results, refused his request to challenge the test results, or advised him not to challenge the results).

Kidd also fails to demonstrate that it was routine, customary practice of defense attorneys in 2011 to request SPPDCL files for cases involving controlled substances. For these reasons, Kidd's ineffective-assistance-of-counsel claim fails.

## II. The postconviction court did not err in denying Kidd's request for an evidentiary hearing.

Kidd argues that the postconviction court erred by denying her request for an evidentiary hearing. A postconviction court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

The record demonstrates that Kidd is not entitled to relief for the reasons discussed earlier in this opinion, and there are no disputed issues of material fact. Therefore, Kidd

has not shown that the postconviction court abused its discretion by denying her request for an evidentiary hearing. *Id.*

**Affirmed.**