*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2005**

Christopher Joseph Washington, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 13, 2016
Affirmed
Kirk, Judge**

Ramsey County District Court
File No. 62-CR-11-8700

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Larkin, Presiding Judge; Kirk, Judge; and Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**KIRK**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to fifth-degree possession of a controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab. Because his petition was untimely, we affirm.

## FACTS

On October 27, 2011, appellant Christopher Joseph Washington was charged with fifth-degree possession of a controlled substance. On April 30, a vehicle appellant was driving was the subject of a traffic stop, and appellant admitted to a Minnesota state trooper that cocaine found in his passenger's purse was his and that he had placed it in her purse without her knowledge.

On April 23, 2012, appellant appeared with his attorney for a plea hearing. Appellant signed a plea petition acknowledging that he was represented by an attorney, had sufficient time to discuss his case and any possible defenses with his attorney, and was satisfied that his attorney had represented his interests and fully advised him. Appellant also waived his trial rights. Appellant's attorney questioned him about his understanding of the plea petition, and appellant agreed that they had reviewed the petition together. Appellant stated that he was feeling okay and knew what he was doing by pleading guilty. Appellant also stated that he understood the plea agreement and the rights that he was giving up by pleading guilty. Appellant verbally waived his right to a jury trial. The district court accepted appellant's plea petition into the record.

Appellant provided a factual basis for his guilty plea. He admitted that, on April 30, 2011, he was driving a vehicle that was the subject of a traffic stop. He admitted that he placed cocaine in his passenger's purse and that law enforcement found the cocaine during the traffic stop. Appellant admitted that the cocaine belonged to him. He also testified that he had seen the St. Paul Police Department Crime Lab (SPPDCL) report and that the SPPDCL had tested the substance found in the purse and verified it to be .26 grams of cocaine.

On June 13, 2012, the district court sentenced appellant to a five-year stayed sentence of one year and one day. On August 4, 2014, upon appellant's request, the district court executed his sentence.

On July 17, 2014, appellant petitioned for postconviction relief, asking to withdraw his guilty plea because of the widespread evidence-testing problems at the SPPDCL identified in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012). Appellant argued that his petition was not time-barred and that he was entitled to postconviction relief on the grounds of newly discovered evidence, the interests of justice, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. On December 8, 2015, the postconviction court denied his petition without an evidentiary hearing.

This appeal follows.

## DECISION

**I. Appellant's petition for postconviction relief does not satisfy the newly-discovered-evidence or interests-of-justice exceptions to the two-year time limit in Minn. § 590.01 (2014).**

"We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted). We review legal issues de novo, but on factual issues our review "is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quoting *Vance v. State*, 752 N.W.2d 509, 512 (Minn. 2008)).

An individual who is convicted of a crime and claims that the conviction was obtained in violation of the individual's constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). "No petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). Minn. Stat. § 590.01, subd. 4(b) (2014), provides for a number of exceptions to the two-year deadline, including "the existence of newly discovered evidence" or if the petition "is in the interests of justice." *Id.*, subd. 4(b)(2) & (5). A petition invoking one of these exceptions must be filed within two years of the date that the claim arises. *Id.*, subd. 4(c) (2014).

4

Appellant argues that his petition was timely because he did not know about the problems at the SPPDCL until July of 2012 when the testing issues became public. However, appellant ignores the fact that he could have challenged the foundational reliability of the test results and obtained the information himself prior to pleading guilty. *Roberts v. State*, 856 N.W.2d 287, 291 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). Appellant filed his postconviction petition after the two-year time limit expired.

Appellant next argues that the newly-discovered-evidence and interests-of-justice exceptions to the two-year time limit apply in his case.

### A. *Newly-discovered-evidence exception*

To satisfy the newly-discovered-evidence exception to the postconviction time limit, appellant's postconviction petition must allege that: (1) newly discovered evidence exists; (2) the evidence "could not have been ascertained by the exercise of due diligence within the two-year time period for filing a postconviction petition"; (3) the evidence is not cumulative; (4) the evidence is not for impeachment purposes; and (5) the evidence "establishes a clear and convincing standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." *Id.* at 290 (quotation omitted) (citing Minn. Stat. § 590.01, subd. 4(b)(2) (2012)). All five elements must be established in order to obtain relief. *Id.*

Appellant asserts that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute new evidence. But in *Roberts*, we addressed this argument and held that the newly-discovered-evidence exception did not apply where the petitioner failed to

5

demonstrate that the testing deficiencies at SPPDCL could not have been discovered through the exercise of due diligence. *Id.* at 291.

Also, any evidence of the SPPDCL's testing deficiencies would only constitute impeaching evidence. "We will not grant a new trial on the basis of evidence that is merely impeaching." *Pippitt v. State*, 737 N.W.2d 221, 228 (Minn. 2007). Because appellant fails to present any evidence that the SPPDCL's testing deficiencies affected his particular case, evidence regarding SPPDCL's problems would only be used to impeach a lab analyst on cross-examination, rather than to preclude the evidence in his case from being admitted. *See e.g.*, *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 824-25 (Minn. 2000) (holding that alleged deficiencies in expert witness's procedures "went to the weight, rather than the admissibility of his testimony").

Appellant also fails to establish through clear and convincing evidence that he was in fact innocent. *Roberts*, 856 N.W.2d at 291-92 (holding that Roberts did not demonstrate by clear and convincing evidence that he is innocent of the convicted offense because he did not offer evidence of the chemical composition of the substance and did not even allege that the substance was not cocaine). As in *Roberts*, appellant never challenged the identity of the substance which he claimed ownership of on the day of his arrest, nor did he ever claim that the substance was not cocaine. At the plea hearing, he stated that the substance found in his passenger's purse was cocaine and that it belonged to him. Appellant makes no specific allegations concerning the testing by the SPPDCL in his particular case, and by pleading guilty, he relinquished his right to challenge the state's evidence.

6

Here, appellant fails to meet his burden of demonstrating that the SPPDCL testing deficiencies satisfy the newly-discovered-evidence exception under *Roberts* and Minn. Stat. § 590.01, subd. 4(b)(2). The district court did not abuse its discretion by concluding that this exception was not applicable to appellant's case.

B.    *The interests-of-justice exception*

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Roberts*, 856 N.W.2d at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5) (2012)). This exception only applies to exceptional cases. *Id.* To qualify for the interests-of-justice exception, "a claim must have substantive merit and the [petitioner] must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* (quotation omitted). The district court also weighs a number of factors, including the degree to which each party is at fault for the alleged error, whether it needs to address fundamental unfairness to the defendant, and if it is necessary to act to protect the integrity of judicial proceedings.[1] *Id.*

Appellant argues that his postconviction petition has merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. Appellant's first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v.*

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

*Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)).

Here, appellant pleaded guilty to fifth-degree possession of a controlled substance. He was represented by counsel and signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence, and was not making a claim of innocence. By entering a counseled guilty plea, appellant waived his evidentiary and procedural challenges. *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). We now address appellant's remaining arguments, whether he is entitled to withdraw his guilty plea on the grounds of manifest injustice and ineffective assistance of counsel.

i.     *Manifest injustice*

The validity of a guilty plea is a question of law, which this court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.05, subd. 1, states in relevant part that "the court must allow a defendant to withdraw a plea of guilty upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 93-94.

A proper factual basis must be established in order for a guilty plea to be accurate. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Appellant argues that his guilty plea is not accurate because the statements supporting the factual basis of his guilty plea were based on an unreliable SPPDCL laboratory report. Here, the record shows that appellant pleaded guilty to fifth-degree possession of a controlled substance. He admitted that the

8

substance was cocaine and, by signing the plea petition, acknowledged that he was not making a claim of innocence. These facts, acknowledged by appellant at his plea hearing, satisfy the accuracy requirement.

"Whether a plea is voluntary is determined by considering all relevant circumstances." *Raleigh*, 778 N.W.2d at 96. "The voluntariness requirement ensures a defendant is not pleading guilty due to improper pressure or coercion. *Id.* Appellant argues that his guilty plea was involuntary. He asserts that, "[i]n light of what we now know about the [SPPDCL], that it was not credible, it was not scientific, and it was not operating as a lab, [there] was an improper pressure to induce [a]ppellant to plead guilty."

At the plea hearing, appellant acknowledged that he had reviewed the SPPDCL report and that he did not dispute that the SPPDCL determined that the substance found in his passenger's purse was .26 grams of cocaine. He did not ask to review additional SPPDCL records, did not challenge the admissibility of the SPPDCL lab report, and did not dispute that the substance was cocaine. Under these facts, appellant was not improperly pressured or coerced to plead guilty.

"The intelligence requirement ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *Raleigh*, 778 N.W.2d at 96. Appellant argues that when he pleaded guilty, he was unaware of the testing deficiencies at the SPPDCL and that he did not know how to challenge the admissibility of scientific evidence.

The record shows that at the plea hearing, appellant acknowledged that he had been charged with fifth-degree possession of a controlled substance, he understood the

9

contents of his signed plea petition, and he verbally stated that he understood that he was waiving his right to a trial. Appellant understood the charge against him, the rights he was waiving, and the consequences of pleading guilty.

Because appellant's plea was accurate, voluntary, and intelligent, he is not entitled to postconviction relief based upon a manifest injustice.

ii.  *Ineffective assistance of counsel*

"[T]o demonstrate ineffective assistance of counsel, a petitioner must show that the representation fell below an objective standard of reasonableness (performance prong) and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (prejudice prong)." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted). The reasonableness of counsel's performance is judged by an objective standard of "representation by an attorney exercising the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (quotation omitted). "Trial counsel's performance is presumed to be reasonable." *State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014).

Appellant argues that his attorney's representation was not reasonable because he "did not demand and review the underlying [SPPDCL] file in his case." But at his plea hearing, appellant acknowledged that he was waiving his right to challenge the evidence in his case. Appellant does not allege that his attorney failed to discuss the option of demanding the SPPDCL file, refused to request the file, or advised him not to challenge

10

the test results. *See Roberts*, 856 N.W.2d at 293 (holding Roberts's ineffective-assistance-of-counsel claim fails because he did "not allege that his attorney failed to discuss the option [of investigating the validity of the test results] with him, refused his request to challenge the test results, or advised him not to challenge the results").

Appellant also fails to demonstrate that it was routine, customary practice of defense attorneys in 2012 to request SPPDCL files for cases involving controlled substances. For these reasons, appellant's ineffective-assistance-of-counsel claim fails.

## II. The postconviction court did not err in denying appellant's request for an evidentiary hearing.

Appellant argues that the postconviction court erred by denying his request for an evidentiary hearing. A postconviction court's decision on whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

The record demonstrates that appellant is not entitled to relief for the reasons discussed herein and that there are no disputed issues of material fact. Therefore, appellant has not shown that the postconviction court abused its discretion by denying his request for an evidentiary hearing. *Id.*

**Affirmed.**

11