*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1774**

Michael Delaney Harris, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed July 11, 2016
Affirmed
Reyes, Judge**

Ramsey County District Court
File No. 62CR123704

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul,
Minnesota (for respondent)

        Considered and decided by Schellhas, Presiding Judge; Peterson, Judge; and Reyes,

Judge.

# UNPUBLISHED OPINION

**REYES**, Judge

        On appeal from the denial of postconviction relief, appellant argues that he should

be allowed to withdraw his guilty plea to fifth-degree possession of a controlled

substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL). We affirm.

## FACTS

On May 5, 2012, appellant Michael Delaine Harris was arrested for violating an order for protection (OFP). When appellant was arrested, an officer found a brown vial in his pocket containing what the officer suspected was cocaine. The SPPDCL tested the substance, and it tested positive for cocaine. On June 8, 2012, appellant pleaded guilty to fifth-degree possession of a controlled substance, and in exchange, the state dismissed the charge related to the OFP violation. The district court accepted appellant's plea and adjudicated him guilty. Appellant was sentenced on July 26, 2012.

On July 25, 2014, appellant filed a petition for postconviction relief. In his petition, appellant outlined several problems at the SPPDCL that were revealed in a 2012 case and subsequent lab audits. The postconviction court denied appellant's petition for postconviction relief without an evidentiary hearing. The postconviction court determined that appellant's petition was timely but meritless. This appeal follows.

## D E C I S I O N

"[Appellate courts] review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted). "[Appellate courts] review legal issues de novo," but our review of factual issues "is

limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quotation omitted).

An individual who is convicted of a crime and claims the conviction was obtained in violation of the individual's constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment or conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2012). Here, appellant's petition is timely because it was filed on July 25, 2014, which is within two years of July 26, 2012, the date on which appellant was sentenced. *Id.* We next turn to appellant's substantive arguments.

Appellant argues that, in light of the deficiencies at the SPPDCL, he should be allowed to withdraw his guilty plea based on (1) newly discovered evidence; (2) a *Brady* violation; (3) a procedural due-process violation; (4) manifest injustice; and (5) ineffective assistance of counsel. In addition, appellant argues that he is entitled to an evidentiary hearing. Appellant's first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). We address appellant's remaining arguments in turn.

## I.     Manifest injustice

Appellant argues that his guilty plea was not accurate, voluntary, or intelligent, resulting in a manifest injustice. We are not persuaded.

3

A court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. "Manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent." *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). "A defendant bears the burden of showing his plea was invalid. Assessing the validity of a plea presents a question of law that [appellate courts] review de novo." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010) (citations omitted).

### A.     Accurate

For a guilty plea to be accurate, "[a] proper factual basis must be established." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Appellant pleaded guilty to fifth-degree possession of a controlled substance, and he admitted to all of the elements of the offense. He admitted that the substance he possessed was cocaine and acknowledged in his plea petition that he was not claiming innocence. These facts, admitted by appellant at his plea hearing, satisfy the accuracy requirement.

### B.     Voluntary

Courts determine whether a plea is voluntary "by considering all relevant circumstances" and ensuring that the defendant did not plead guilty "due to improper pressure or coercion." *Raleigh*, 778 N.W.2d at 96. Appellant argues that the test results from the SPPDCL created improper pressure that induced him to plead guilty. The record does not support appellant's contention. Appellant did not ask to review the SPPDCL records, did not challenge the test results, and did not dispute that the substance was cocaine. Appellant's plea petition, which he signed and acknowledged at the plea hearing, stated that no one had threatened him or made him any promises in order to

4

obtain a guilty plea. Accordingly, appellant was not improperly pressured or coerced to plead guilty.

### C. Intelligent

For a guilty plea to be intelligent, the defendant must understand the charges against him, the rights he is waiving, and the consequences of the plea. *Id.* Appellant argues that he did not know about the deficiencies at the SPPDCL, did not understand the scope of his right to challenge the evidence against him, and did not know that he was waiving this right by pleading guilty. At the plea hearing, appellant confirmed that he understood that he had been charged with and was pleading guilty to fifth-degree possession of a controlled substance. He also stated that he had no reason to dispute the law-enforcement tests, which indicated that the controlled substance appellant possessed was cocaine. Additionally, the signed plea petition confirms that appellant's attorney informed him of the rights he was waiving and that he would not have another opportunity to object to the state's evidence against him. These facts indicate that appellant understood the charges against him, the rights he was waiving, and the consequences of his guilty plea.

Therefore, we conclude that appellant's plea was accurate, voluntary, and intelligent. As such, the district court did not abuse its discretion by determining that appellant is not entitled to postconviction relief based upon a manifest injustice.

## II. Ineffective assistance of counsel

Appellant argues that he received objectively unreasonable representation because his attorney did not demand and review the SPPDCL file. We disagree.

5

Appellate courts review ineffective-assistance-of-counsel claims de novo. *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003). To succeed on an ineffective-assistance-of-counsel claim, appellant must show that (1) his counsel's representation fell below an objective standard of reasonableness and (2) but for counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064, 2068 (1984). "We need not address both the performance and prejudice prongs if one is determinative." *Rhodes*, 657 N.W.2d at 842. An attorney provides objectively reasonable assistance when he exercises the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). "Trial counsel's performance is presumed to be reasonable." *Id*. at 266.

This court recently addressed an argument similar to that of appellant's in *Roberts v. State*, 856 N.W.2d 287, 293 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). Roberts also claimed that he received ineffective assistance of counsel because his attorney failed to investigate and discover the deficiencies at the SPPDCL. *Id.* at 293. But like Roberts, appellant does not allege that his attorney failed to discuss this option with him, refused to request the file, "or advised him not to challenge the results." *Id.* Appellant also fails to provide evidence that it was the customary practice of defense attorneys at the time to request SPPDCL files for cases involving controlled substances. Because appellant does not show how his attorney's representation fell below an objective standard of reasonableness, his ineffective-assistance-of-counsel argument fails, and we need not consider the prejudice prong of the *Strickland* test. Accordingly, we

6

conclude that the district court did not abuse its discretion by denying appellant's petition for postconviction relief based on his ineffective-assistance-of-counsel claim.

## III. Evidentiary hearing

Finally, appellant argues that the postconviction court erred by denying his request for an evidentiary hearing. We disagree.

A postconviction court's decision regarding whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). "An evidentiary hearing is not required unless there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State,* 695 N.W.2d 371, 374 (Minn. 2005).

For the reasons previously discussed, the record conclusively demonstrates that appellant is not entitled to relief, and there are no disputed issues of material fact. Therefore, appellant has not shown that the postconviction court abused its discretion by denying his request for an evidentiary hearing. *Id.*

**Affirmed.**